STATE OF IOWA, Appellee, v. J. B. BELL, Appellant.

**Criminal law:** FALSE PRETENSE: EVIDENCE. In this prosecution for
1 cheating by false pretense the evidence is held to show that defendant made the representation charged in the indictment.

**Instruction:** DELIVERY OF PROPERTY. On a prosecution for false pre-
2 tense in which there was no question as to the delivery of the property claimed to have been fraudulently obtained by defendant, he can not complain of an instruction authorizing conviction, which makes no reference to the question of delivery of the property.

**Same:** INTENT. Although an instruction charging that if the repre-
3 sentations were false and made for the purpose of obtaining property, when standing alone, would be insufficient and incomplete, because not directing that an intent to cheat was essential, still, if, when taken in connection with the other instructions, this element of the crime is fully covered, it will not be held misleading and erroneous.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

TUESDAY, APRIL 5, 1910.

THE defendant was convicted of the crime of cheating by false pretenses, and appeals.—*Affirmed*.

*L. H. Salinger, M. M. Cooney,* and *B. I. Salinger,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, J.—The indictment charged that the defendant by false pretenses and with intent to defraud obtained from one Anna S. Lloyd a promissory note for the sum of $10. The evidence shows that during the season of 1907 the defendant kept a jack for service at the livery barn of one Sigler in the town of Dedham. In June, 1908, he called upon Mrs. Lloyd and represented to her that a mule colt foaled by one of her mares was sired by his jack and obtained from her a note for the service fee of $10. The evidence tends to show that he sold the note within a very short time after receiving it. The indictment further charges that the defendant pretended and represented to Mrs. Lloyd that she was indebted to him for the service of a mare by his jack, and that said jack was the sire of a mule colt then owned by Mrs. Lloyd. While the appellant concedes that there is some evidence tending to show that the defendant represented to Mrs. Lloyd that she was indebted to him for the service of his jack, he insists that there is no evidence tending even to show that the defendant represented to Mrs. Lloyd that his jack was the sire of a mule colt owned by her.

We are wholly unable to concur with the defendant's contention. One, and only one, of Mrs. Lloyd's mares had foaled a mule colt in 1908, and the evidence shows

1. CRIMINAL LAW: false pretense: evidence.

beyond question that said colt was not sired by the defendant's jack, and it farther shows almost as conclusively that his jack was not bred to Mrs. Lloyd's mare at all. The defendant testified that he attended his jack when he was bred to Mrs. Lloyd's mare, and consequently when, after learning that she had a mule colt, he made a demand upon her for the service fee of his jack, he represented that his jack was the sire of the mule colt owned by her. While the record does not contain direct testimony on the subject, it appears therefrom that the defendant insured the service of his jack, and it does appear certainly

that he made demand upon Mrs. Lloyd because he knew that one of her mares had · foaled a mule colt. As the defendant claims to have personally attended his jack at the time of the alleged service, there is no basis for his contention that there is no evidence that he knew that his representations to Mrs. Lloyd were false.

Instructions four, six and seven are said to be erroneous. In four the court told the jury that the state must prove that the defendant knew the representations to be false when he made them, and that he made them with intent by means thereof to induce Mrs. Lloyd to part with her note for $10 and to deliver same to defendant. It is said that this instruction authorized a conviction whether the note in question was delivered to the defendant or not. In view of the fact that there is no question as to such delivery, the criticism is without merit.

2. INSTRUCTION: delivery of property.

Instruction six said that false representations do not necessarily show fraudulent intent, "but may show such intent if the representations were designed to induce the delivery of the note in question." The appellant says that the instruction warranted a conviction if the representations were false and were made for the purpose of obtaining property, and was incomplete because it did not make an intent to cheat essential. If the instruction stood alone, the objection thereto would be unanswerable; but, when read with instruction four and the entire charge, it is neither erroneous nor misleading. Instruction seven states a long-established rule of law, and we think it was properly given.

3. SAME: intent.

We find no error requiring a reversal of this judgment. It is therefore *affirmed.*